UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JANA ROSSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) No. 3:10-0429 |
| v. | ) Judge Campbell/Brown |
| | ) **Jury Demand** |
| WYNDHAM VACATION RESORTS, INC., | ) |
| and WYNDHAM VACATION | ) |
| OWNERSHIP, INC., | ) |
| | ) |
| Defendants | ) |

## O R D E R

The parties have now briefed and over-briefed the discovery issue before the magistrate Judge (see Docket Entries 14, 57 pages; 15, 20 pages; 16 and 18, 22 pages each). With all due respect to counsel, both of whom are experienced, they are indulging in overkill and disagreements over things that should be resolved by counsel and not by the Magistrate Judge. The Magistrate Judge sincerely hopes that this dispute is not the harbinger of future disputes of the same nature.

As the parties have failed to resolve the issues on their own, the Magistrate Judge will now rule on the matter.

Damage Calculations. On the front pay/back pay issue the Plaintiff will provide the calculations for her claimed damages on those issues to the extent the information is within her custody and control. To the extent that benefit evaluations are within the purview of the Defendants they should provide that information to

the Plaintiff in discovery so that the Plaintiff may make such adjustments to her calculations as are necessary. The parties know that they are under a duty to supplement their various responses as additional information becomes available.

Emotional Distress. The Magistrate Judge has read the material submitted by the parties on this issue and the Plaintiff is directed to place a dollar value on her emotional distress, humiliation and indignity. The Plaintiff does not have to give a detailed calculation as to how she arrives at this figure, except to the extent she intends to support it with specific documents or reports. She may simply state the value she places on this item.

Judge Griffin provided an excellent discussion of this issue in her order in the *Richardson v. Rock City Mechanical Company*, 3:09-cv-0092 (Docket Entry 65), filed 02-24-2010, which is **attached** as Document 18-1 in this case. Judge Griffin's thoughtful and thorough explanation of this issue is persuasive to the undersigned. The Magistrate Judge would further point out that knowing the value that a party puts on a claim may often make eventual settlement of the case easier because the parties have some idea of what the actual starting point is for a party.

Identity of Current Employer. The Defendant has sought the actual identity of the Plaintiff's current employer. The Plaintiff has advised that she is employed with that employer as of October 20, 2010. The Magistrate Judge believes that this information is relevant and must be disclosed by the Plaintiff. See *Hite v. U.S. Department of Transportation,*, Case No. 07-4492 (D.C. N.J.) 2009 U.S. Dist. LEXIS 51894, June 19, 2009. As pointed out there, the Defendant does have the burden of proving its claim

2

that the Plaintiff has failed to mitigate her damages. Additionally, her actual employment application could lead to discoverable information.

In ruling on this issue, the Magistrate Judge is mindful of the concern raised by the Plaintiff that this may affect her currently employment. By seeking this information directly from the employer, the Defendant does run the risk that if the Plaintiff lost her employment, it could add to an additional retaliation charge and lead to additional damages should she prevail on her claim. Simply because an item may be discoverable does not necessarily mean that it should be pursued in every case. The Magistrate Judge trusts that if the Defendant goes ahead with such a request that it be done in a way that is unobtrusive as possible. The parties could consider allowing the Plaintiff to request her employment record from her company and then providing it to the Defendant so that the existence of this lawsuit would not be so readily apparent. In any case, this information is to be treated as "attorneys' eyes only" pending further order of the Court.

<u>Tax Returns, Bank Records, 1099s, 401Ks, Moving Expenses</u>. The Plaintiff has agreed to produce a good bit of this information. The Plaintiff has noted in a response (Docket 15, p. 4) that she believes the Defendants have already obtained certain of her bank account information and account numbers without making proper notification to her prior to the issuance of the subpoena. The Magistrate Judge does not understand why she would necessarily have had to switch banks as a result of this. However, the Magistrate Judge does trust that the parties will make all required notifications and that in a spirit of cooperation, even if

notification is not required, that they will advise opposing counsel of the issuance of various subpoenas and requests for production.

As an initial matter the Magistrate Judge would note that the Defendants are apparently seeking this information from 2002 to the present. This amount of time is excessive. The Plaintiff began work for the Defendants in December of 2005. The Magistrate Judge believes that records concerning her taxes, 401K information, 1099 forms, bank statements and deposits from January 2006 to date is a reasonable time frame. The issue of the tax returns themselves is closer. As pointed out by the Plaintiff (Docket Entry 15, p. 5) there are a number of courts that have held that tax returns are entitled to a higher privilege. The only Tennessee case cited is that of *Austin v. Aluminum Company*, 15 F.R.D. 490 (E. D. Tenn. 1954), which is the only Sixth Circuit case cited by the Plaintiff. The Defendants have cited a number of more recent Sixth Circuit cases (Docket Entry 14, p. 4). The Magistrate Judge believes that the best discussion of this issue is contained in the case *Kumar v. Hilton Hotels Corp.*, U.S.D.C. (W.D. Tenn. Oct. 30, 2009) 2009 U.S. Dist. LEXIS 101254 (copy in Defendants' filing, Docket Entry 14-8).

Magistrate Judge Pham's thoughtful and thorough opinion is not as favorable as the Defendants make out. Nevertheless, it does appear that the tax return may contain relevant information in this matter. The Plaintiff has raised her financial distress as a portion of her damages in this matter and the Defendants are entitled to examine the tax returns to see to what extent this is supported or refuted. The Magistrate Judge would note that

although tax returns are not privileged, disclosure of income tax returns is disfavored and the Court, before ordering the return, must determine (1) whether the tax return is relevant to the subject matter in dispute, and (2) a compelling need exists for the return, because the information sought is not obtainable from other sources. *Id.* at *5-*6.

Considering these factors set out by Judge Pham, the Magistrate Judge believes that the Defendants have made an appropriate showing and that other information may not necessarily provide the same information as would be revealed by the tax return. The Magistrate Judge is not sure whether any of these returns would have been filed jointly or not. However, to the extent they were filed jointly, the Plaintiff is entitled to redact information concerning her spouse's income. Additionally, the tax return information shall also be subject to an "attorneys' eyes only" restriction pending further order of the Court.

The Defendants, having requested tax information will have no objection should the Plaintiff seek tax information concerning their current financial status inasmuch as the Plaintiff does seek punitive damages. Again, the Magistrate Judge trusts that the parties are not going to engage in mutually-assured destruction/discovery.

The Plaintiff will comply with the outstanding discovery requests in accordance with this order within **21 days** of its entry.

The parties are reminded that prior to scheduling the required telephone conference with the Magistrate Judge about discovery disputes, they will file **one business day** before the

call, a joint statement of the issues to be discussed at the telephone conference.

It is so **ORDERED**.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge