IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANA ROSSON )
)
v. ) NO. 3-10-0429
) JUDGE CAMPBELL
WYNDHAM VACATION )
RESORTS, INC., et al. )

ORDER

Pending before the Court is Plaintiff's Motion for Review of Magistrate Judge's Order Compelling Discovery (Docket No. 23). Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the Court may reverse or modify the ruling of the Magistrate Judge only if it is clearly erroneous or contrary to law.

Plaintiff seeks review of three aspects of the Magistrate Judge's Order (Docket No. 19) concerning discovery in this case. The Court has reviewed Plaintiff's Motion for Review, Defendants' Response, Plaintiff's Reply, the Magistrate Judge's Order and the file. Plaintiff's Motion for Review (Docket No. 23) is GRANTED in part and DENIED in part. The Order of the Magistrate Judge (Docket No. 19) is REVERSED in part and AFFIRMED in part as set forth herein.

EMOTIONAL DISTRESS DAMAGES

First, Plaintiff asks the Court to reverse the Magistrate Judge's Order compelling Plaintiff to produce a monetary value for her non-economic and emotional damages. The Magistrate Judge ordered Plaintiff to provide a dollar value for her emotional distress, humiliation and indignity claims. Plaintiff argues that such a calculation is impossible and should be left to the jury.

Defendants maintain that they are entitled to such a calculation pursuant to Fed. R. Civ. P. 26(a)(1)(iii) and in order to avoid "trial by ambush."[1]

The Federal Rules of Civil Procedure do provide that, except as otherwise stipulated or ordered by the court, a party must provide to the other party a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(a)(1)(iii). Courts have held, however, that because emotional suffering is personal and difficult to quantify and because compensatory damages are typically considered a fact issue for the jury, emotional distress damages are not subject to the kind of calculation contemplated by Rule 26(a)(1)(iii). *Anderson v. United Parcel Service*, 2010 WL 4822564 at * 10 (D. Kan. Nov. 22, 2010) and cases cited therein, including cases from the Fifth Circuit Court of Appeals and district courts in California, Florida and Texas.

Compensatory damages for emotional distress are necessarily vague, are generally considered a fact issue for the jury, and may not be amenable to the kind of calculation disclosure contemplated by Rule 26. *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 (5th Cir. 2000) (*cited in Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005)). The Fifth Circuit held that failure to disclose during discovery a specific amount sought for emotional distress damages did not prohibit the plaintiff from recovering emotional distress damages at trial. *Id*.

As did the plaintiff in *Merrill*, Plaintiff here has stated unequivocally that she will not put on proof of specific calculations of non-economic damages at trial. Docket No. 35, pp.6-7. Thus, Defendants' claim of trial by ambush has no merit. The factual basis for Plaintiff's claimed emotional distress damages can be discovered through questions to the Plaintiff. The dollar amounts

---

[1] Defendants' reliance upon *Design Strategies, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) is misplaced. That case dealt with discovery of the amount of lost profits, not emotional damages.

of those damages will be left to the jury.² Indeed, this Court's typical jury instructions include the following: "No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for mental or emotional suffering. Nor is the opinion of any witness required as to the amount of such reasonable compensation."

For these reasons, the Court finds that Plaintiff should *not* be required to produce such a calculation. The Order of the Magistrate Judge on this issue is clearly erroneous and is reversed. Plaintiff is not required to produce specific calculations of any damages for emotional distress, humiliation and indignity.

## IDENTITY OF CURRENT EMPLOYER

Plaintiff also asks this Court to reverse the Magistrate Judge's Order compelling Plaintiff to identify her current employer. The Magistrate Judge held that this information is relevant, but he suggested that the information disclosed be treated as "attorneys' eyes only." Docket No. 19, p.3.

Plaintiff does not argue that her current employer's records are not discoverable; she argues, however, that the identity of her current employer has nothing to do with mitigation of damages or impeachment. Plaintiff contends that if the Defendants want the employment records from the Plaintiff's current employer, they can accomplish this without knowing the identity of the employer. Plaintiff claims that disclosure of the identity of her employer will allow Defendants to interfere with her ability to maintain her employment through retaliatory actions.

---

² Calculation of the amount of damages for pain and suffering does not lend itself to the application of a mathematical formula; it requires the application of the jury's best judgment and common sense based on the evidence presented. *Fielden v. CSX Transp., Inc.*, 2009 WL 2824459 at * 4 (S.D. Ohio. Aug. 26, 2009) (citing *Champion v. Outlook Nashville, Inc.*, 380 F.3d 893 (6th Cir. 2004)).

3

Defendant maintains that because it is entitled to discover information which is relevant or reasonably calculated to lead to the discovery of admissible evidence, it is entitled to know the identity of Plaintiff's current employer as well as to discovery of her employment records.

The Court finds that the identity of Plaintiff's employer falls within the broad parameters of Fed. R. Civ. P. 26 and is discoverable. Plaintiff's fears of retaliation are speculative and can be fully addressed if such acts occur. The Magistrate Judge's Order on this issue is affirmed, and Plaintiff shall produce to Defendants the identity of her current employer. The Magistrate Judge shall consider what, if any, Protective Order should govern the production of this information.[3]

## TAX RETURNS

Plaintiff objects to the Magistrate Judge's ruling that she must provide to Defendants her income tax returns from 2006 until the present. Plaintiff claims that these records contain a lot of information which is not even remotely relevant to this case and that the information sought by Defendants is obtainable from other sources.[4]

Defendants argue that income tax returns are not privileged from discovery and that Plaintiff's tax returns are relevant to her claim for damages, her duty to mitigate those damages, and her credibility.

---

[3] Defendants have represented that if Plaintiff would provide Defendants with her current employment records, Defendants would not *subpoena* her employment file. Docket No. 28, n.11.

[4] In *Martinez v. Wilson*, cited by Plaintiff, this Court held that the Defendant was not entitled to Plaintiff's income tax returns because past income was irrelevant to Plaintiff's claim for future medical damages. Here, Plaintiff's income tax returns are relevant to damages, mitigation and credibility.

4

The Court agrees with Defendants and with the Magistrate Judge. The Magistrate Judge's Order on this issue is affirmed, and Plaintiff shall produce to Defendants, for "attorneys' eyes only," her federal income tax returns from 2006 to the present. The Magistrate Judge shall consider what, if any, Protective Order should govern the production of this information.

## CONCLUSION

For these reasons, the Order of the Magistrate Judge (Docket No. 19) is REVERSED in part and AFFIRMED in part. Plaintiff shall produce to Defendants, subject to any Protective Order entered by the Magistrate Judge, the identity of her current employer and her federal income tax returns from 2006 to the present, as well as any additional information ordered by the Magistrate Judge to which no objection was filed.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE