IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANA ROSSON )
)
v. ) NO. 3-10-0429
) JUDGE CAMPBELL
WYNDHAM VACATION )
RESORTS, INC., et al. )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 76). For the reasons stated herein, Defendants' Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff, a former employee of Defendants, alleges that Defendants maintained a hostile work environment in their Nashville office, in which she was subjected to sexual harassment. Plaintiff also claims that when she complained about the sexual harassment, she was fired on pretextual grounds. Plaintiff's Third Amended Complaint alleges claims for hostile work environment and retaliation under both the Tennessee Human Rights Act ("THRA") and Title VII (42 U.S.C. § 2000e, *et seq.*).

Defendants deny that Plaintiff was sexually harassed or retaliated against for any reason. Defendants assert that Plaintiff had a documented history of performance problems and was terminated after she committed no less than 24 sales compliance policy violations. Defendants also argue that they had promulgated and disseminated effective anti-harassment policies and Plaintiff never complained that she was being sexually harassed or otherwise treated inappropriately while employed by Defendants.

MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment

motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## STATUTE OF LIMITATIONS

Defendants argue that Plaintiff's sexual harassment claim under the THRA is barred by the one-year statute of limitations. Tenn. Code Ann. § 4-21-311(d). Under the THRA, a civil cause of action must be filed within one year after the alleged discriminatory practice ceases. *Id*.

Plaintiff filed this action on January 28, 2010. Docket No. 1-2. Defendants cite Plaintiff's deposition testimony that she believes the alleged sexual harassment towards her ceased in October 2008. Docket No. 78, ¶ 182. Plaintiff does not dispute this fact. Docket No. 96. In Plaintiff's Affidavit, however, she asserts that specific sexual harassment in the form of inappropriate hugs continued until December 25, 2008. She also states that up until the end of her employment, her supervisor leered at her in a creepy way. Docket No. 95-1, p. 1453.

December 25, 2008, is beyond the one-year statute of limitations under the THRA, so the Court need not consider that alleged fact. With regard to her supervisor leering at her in a creepy way up until

the end of her employment (which was January 29, 2009), the Court finds that this statement in Plaintiff's Affidavit contradicts both her admission of the alleged undisputed fact # 182 and her prior deposition testimony.

Statements which contradict prior deposition testimony do not create a genuine issue of material fact at the summary judgment phase. *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 517 (6th Cir. 2009). Generally, a party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony. *Segovia v. Montgomery County, Tenn.*, 2011 WL 820865 at * 5 (M.D. Tenn. March 2, 2011).

Accordingly, the alleged sexual harassment ceased more than one year prior to the filing of Plaintiff's lawsuit, and Defendants' Motion for Summary Judgment on Plaintiff's sexual harassment claim under the THRA is granted.[1]

### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT

<u>CO-WORKER HARASSMENT</u>

Defendants argue that Plaintiff's sexual harassment claims based upon co-worker harassment (as opposed to harassment by her supervisor) must be dismissed because she failed to include them in her complaint filed with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff contends that she did raise the issue of co-worker harassment in her EEOC Intake Questionnaire.

Before a plaintiff may sue under Title VII in federal court, she must first exhaust her administrative remedies, one component of which is timely filing a charge with the EEOC. *Williams v.*

---

[1] The statute of limitations for Plaintiff's Title VII claim is different. Under Title VII, a plaintiff must bring a charge with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the allegedly unlawful practice occurred or within 300 days if the plaintiff initiates proceedings with a state or local agency. 42 U.S.C. § 2000e-5(e)(1); <u>Nichols v. Muskingum College</u>, 318 F.3d 674, 677-78 (6th Cir. 2003). Defendants have not challenged Plaintiff's Title VII claims on statute of limitations grounds.

*CSX Transp. Co., Inc.*, 643 F.3d 502, 507-08 (6th Cir. 2011) In order for an EEOC filing to constitute a "charge" that is necessary to exhaust the employee's administrative remedies under Title VII, the filing (1) must be "verified" - that is, submitted under oath or penalty of perjury; (2) must contain information that is sufficiently precise to identify the parties and to describe generally the action or practices complained of; and (3) must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee. *Id*. at 509.

Plaintiff filed two documents with the EEOC - a Charge of Discrimination and an EEOC Intake Questionnaire. Docket No. 79-3, pp. 32-43. The Intake Questionnaire is dated April 22, 2009, and the Charge of Discrimination is dated May 1, 2009. The Charge of Discrimination is signed under penalty of perjury. Both documents sufficiently identify the parties and describe generally the action or practices complained of. The Intake Questionnaire clearly states that Plaintiff wants to file a charge of discrimination and authorizes the EEOC to look into the discrimination described therein.

The general rule in this circuit is that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. *Dixon v. Ashcroft*, 392 F.3d 212 (6th Cir. 2004); *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002). The Court finds that neither of Plaintiff's EEOC documents adequately alleges co-worker harassment. Vice President Dave Labelle is the only person named as an alleged sexual harasser in either document. Plaintiff does state that "certain males" were making inappropriate gestures and comments (Docket No. 79-3, p.41), but those persons are never identified. The other named individuals, including Jerry Prosise, a supervisor, are characterized as "witnesses" to the alleged harassment of LaBelle.

4

For these reasons, Defendants' Motion for Summary Judgment on the issue of co-worker harassment is granted, and Plaintiff's claim for co-worker sexual harassment is dismissed.

HOSTILE WORK ENVIRONMENT

To make out a hostile work environment claim for supervisor harassment, Plaintiff must show: (1) she was a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex/gender; (4) the harassment created a hostile work environment; and (5) employer liability. *Ladd v. Grand Trunk Western Railroad, Inc.*, 552 F.3d 495,500 (6th Cir. 2009); *Galeski v. City of Dearborn*, 2011 WL 3568888 at * 5 (6th Cir. Aug. 9, 2011).

It is undisputed that Plaintiff is a member of a protected class, female, and that the alleged harassment was based upon her sex/gender. With regard to the third element, a hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and created an abusive working environment. *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 733 (6th Cir. 2006).[2] The Court must consider the "totality of the circumstances," including the severity of the conduct, whether it was physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interfered with the employee's performance. *Id.*[3] The Court may consider the effect of the incidents on the employee's psychological well-being. *Id.*

Defendants claim that Plaintiff's allegations concerning inappropriate conduct of Mr. LaBelle are not sufficiently severe or pervasive to support a hostile work environment claim. Citing Plaintiff's

---

[2] The conduct must be so severe or pervasive as to constitute a hostile or abusive working environment both to the reasonable person and to the actual victim. *Randolph*, 453 F.3d at 733.

[3] Simple teasing, offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the conditions of employment. *Randolph*, 453 F.3d at 733.

5

deposition, Defendants assert that Plaintiff experienced eight to ten hugs and kisses on the cheek from Mr. LaBelle over three and one half years. Docket No.78, ¶ 138. Plaintiff did not dispute this fact, Docket No. 96, although she disputes it in her brief. Docket No. 95, n. 16. Defendant also contends that the alleged harassment did not unreasonably interfere with Plaintiff's employment.

> In addressing the severity of the alleged harassment, Plaintiff argues that:
>
> Bear tight hugs that lift you off the floor and where the hugger is deliberately pressing his chest against a woman's breast while trying to kiss close to the mouth and then dropping his hands so they brush against the buttocks would not be acceptable to any "reasonable" person, male or female. . . .
>
> Ms. Rosson testified that she had to run down the hall after morning meetings to get away from Mr. LaBelle. . . . Mr. LaBelle's conduct made her physically ill.

Docket No. 95, p. 22; *see* Plaintiff's deposition (Docket No. 101-1), pp. 280-294, 328-331; Plaintiff's Affidavit (Docket No. 95-1), ¶ 4. Plaintiff also testified that she starting avoiding Mr. LaBelle, "running and hiding from him." Plaintiff's deposition (Docket No. 101-1), p. 452.( "He could see me going down the hall, and I would take and make a quick right or a quick left just to avoid him.").

Plaintiff also alleges that on one occasion, Mr. LaBelle picked her up, laid her on a desk, laid on top of her and stayed there for several seconds. Docket No. 5, ¶ 10. She alleges that Mr. LaBelle told her that he wanted to take a shower with her. *Id*., ¶ 12. Moreover, she testified that Mr. LaBelle always had a comment about the way she dressed and asked her to stand in front of him, front ways, sideways, behind, so he could see all sides of her. Plaintiff's deposition (Docket No. 101-1), pp. 281, 298-99 and 335. She testified that Mr. LaBelle made inappropriate comments, "too numerous to count." *Id*., p. 282.

The Court finds, based upon the Plaintiff's allegations, there are genuine issues of material fact as to whether the environment was hostile.

<u>EMPLOYER LIABILITY</u>

The Supreme Court has held that an employer is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor. *Burlington Indus., Inc. v. Ellerth*, 118 S.Ct. 2257, 2270 (1998). When no tangible employment action is taken, a defending employer may raise an affirmative defense to liability or damages. *Id.* The defense requires proof of two elements: (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (2) the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Id*.

No affirmative defense is available, however, when the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion or undesirable reassignment. *Id*. Therefore, the Court must first determine whether Mr. LaBelle's conduct culminated in a tangible employment action. Defendants claim that the alleged harassment had nothing to do with the adverse employment action here, Plaintiff's firing. Defendants argue that the decision to terminate Plaintiff's employment was made by the Compliance Department, not by the alleged harasser, and the Compliance Department had no connection to the alleged harassment.

Plaintiff contends, on the other hand, that Mr. LaBelle's behavior culminated in a tangible employment action where Mr. LaBelle played a role in the adverse decision. Plaintiff argues that the termination was a "recommended" action and that Mr. LaBelle and Mr. Prosise were given the opportunity to appeal that recommendation and did not do so.[4] Plaintiff contends that the principal harasser, Mr. LaBelle, was an active decision-maker on whether to appeal the recommendation for termination and his decision not to appeal that recommendation, as he had the authority to do, constituted a tangible employment action. Docket No. 95.

---

[4] Of course, neither side can provide evidence of the ultimate outcome had an appeal of the Compliance Department decision been taken.

The Court finds that, because Mr. LaBelle and Mr. Prosise were in the chain of persons who could influence the termination decision, by appeal or otherwise, there are genuine issues of material facts as to whether the alleged harassment resulted in a tangible employment action. Therefore, there are genuine issues of material facts as to whether Defendants are entitled to this affirmative defense, and the Court need not address the two elements of that defense.

Accordingly, Defendants' Motion for Summary Judgment on Plaintiff's claim for hostile work environment created by supervisor harassment is denied.

## RETALIATION

To establish a *prima facie* case of unlawful retaliation, Plaintiff must demonstrate that (1) she engaged in protected activity; (2) Defendants knew that she engaged in this protected activity; (3) Defendants took an adverse employment action against her; and (4) there was a causal connection between the protected activity and the adverse employment action. *Ellsworth v. Potluck Enterprises, Inc.*, 624 F.Supp.2d 868, 881 (M.D. Tenn. 2009).

Plaintiff alleges that she engaged in activity protected by Title VII when she complained of sexual harassment[5] and rejected sexual advances by Mr. LaBelle and that Defendants terminated her employment for engaging in that protected activity. Defendants argue that Plaintiff cannot establish a causal connection between her protected activity and the decision to fire her.

Once again, Defendants contend that the Compliance Department alone made the decision to terminate Plaintiff's employment. As set forth above, the Court finds there are genuine issues of material fact as to what influence, if any, Mr. LaBelle and Mr. Prosise had on that decision. Until that factual dispute is resolved, the Court need not address the issue of pretext.

---

[5] Plaintiff claims she complained more than once to her manager, Mr. Prosise.

Therefore, Defendants' Motion for Summary Judgment on Plaintiff's retaliation claim is denied.

CONCLUSION

For all these reasons, Defendants' Motion for Summary Judgment (Docket No. 76) is GRANTED in part and DENIED in part. Plaintiff's THRA claim for sexual harassment and Plaintiff's claim for co-worker harassment are DISMISSED.

IT IS SO ORDERED.

                                                          TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE