IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JANA ROSSON                          )
                                     )
v.                                   ) NO. 3-10-0429
                                     ) JUDGE CAMPBELL
WYNDHAM VACATION                     )
RESORTS, INC., et al.                )


ORDER


Pending before the Court, among other things, are Defendants' Motion to Exclude Information and Evidence from Case Nos. 3:03-cv-0894 and 3:04-cv-1133 in this Case (Docket No. 112), Defendants' Motion in Limine No. 1 to Exclude Information and Evidence from Case Nos. 3:03-cv-0894 and 3:04-cv-1133 in this Case (Docket No. 121) and Defendants' Renewed Motion to Exclude Information and Evidence from Case Nos. 3:03-cv-0894 and 3:04-cv-1133 in this Case (Docket No. 162).

Defendants' Motions are GRANTED in part and DENIED in part as follows.

Evidence of the prior lawsuits is not admissible to prove the truth of a hostile work environment because it is not relevant to the time period when Plaintiff was employed by Defendants. The Court may consider similar acts of harassment of which a plaintiff becomes aware during the course of her employment, even if the harassing acts were directed at others or occurred outside of the plaintiff's presence. *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 336 (6th Cir. 2008). The similar acts alleged in the prior lawsuits did not occur during the course of Plaintiff's employment.

The fact that the lawsuits were filed, however, is relevant to Defendants' affirmative defense because it shows notice of prior allegations involving LaBelle and notice of prior allegations of hostile work environment. Defendants have raised an affirmative defense that they exercised reasonable care to prevent or correct harassing behavior and that Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities made available. *Ayala v. Summit Constructors, Inc.* 788 F.Supp.2d 703, 711 (M.D. Tenn. 2011) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)). Evidence that the lawsuits were filed is admissible as relevant to the reasonableness of Defendants' conduct for purposes of their affirmative defense.

Evidence of the Consent Decree is not admissible for the truth of the matters contained therein. Rule 408 of the Federal Rules of Evidence excludes such evidence unless it is admissible for another purpose. The portions of the Consent Decree regarding future obligations of the Defendants to prevent and process hostile work environment claims are admissible as relevant to the affirmative defense for the reasons stated above.

Plaintiff seeks to use the depositions of the plaintiffs in these prior lawsuits to prove the truth of the prior allegations. Thus, the depositions are hearsay, and Plaintiff has not identified an exception to their exclusion. Fed. R. Evid. 802. The depositions from the prior lawsuits are not admissible for the truth thereof.

Live testimony about LaBelle's alleged misconduct from plaintiffs in the prior lawsuits is generally not relevant because it involves behavior occurring outside the time of Plaintiff's employment. *See Hawkins*, 517 F.3d at 336. Live testimony from plaintiffs in the prior lawsuits is relevant, however, to the affirmative defense if offered solely to show notice, for the reasons stated above. Such testimony is not relevant to show the truth of the matters asserted.

Live testimony concerning LaBelle's alleged acts of harassment during the time of Plaintiff's employment is admissible pursuant to *Hawkins*, cited above, so long as Plaintiff was aware of the specific alleged acts of harassment.

The Court has considered all matters herein in the context of Fed. R. Evid. 403 and balanced the probative and prejudicial values of the evidence to be offered.  Nothing herein limits the use of this evidence for the impeachment of a witness by contradiction of a prior statement.

IT IS SO ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE