IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JANA ROSSON )
)
v. ) NO. 3-10-0429
) JUDGE CAMPBELL
WYNDHAM VACATION )
RESORTS, INC., et al. )

ORDER

Pending before the Court, among other things, are the following Motions:

(1) Plaintiff's Motion to Bifurcate Trial Between Liability and Damages (Docket No. 177) is DENIED because a substantial amount of the evidence is probative of both liability issues and the amount of any damages.

(2) Defendants' Motion in Limine No. 3 to Exclude Reference or Testimony regarding Allegations of Harassment Inconsistent with the Court's Memorandum Order on Wyndham's Motion for Summary Judgment (Docket No. 125) is GRANTED as follows: Plaintiff shall give advance notice to Defendant and the Court at trial of the intent to offer specific evidence of acts of sexual harassment by persons other than Mr. LaBelle and state the purpose of such evidence. Defendant will then have the opportunity to respond and the Court will rule on the specific evidence offered.

(3) Defendants' Motion in Limine No. 4 to Prohibit Plaintiff from Offering into Evidence or Making Reference to Patrick Howell's Prior Felony (Docket No. 127) is DENIED. Notwithstanding that the conviction is more than ten years old, it may be used under Fed. R. Evid. 609 to impeach credibility. The Court finds that this evidence is more probative than prejudicial

under Fed. R. Evid. 609 and 403. The relevant conduct of the drug offense is probative of honesty. The Court reserves ruling on any other use of the conviction until trial.

(4) Defendants' Motion in Limine No. 5 to Exclude Evidence of Alleged Damages (Docket No. 129) and Supplemental Motion in Limine No. 5 (Docket No. 168) are DENIED, based on Plaintiff's representation in her Response regarding the basis for her economic damages and that her 2010 tax return will be produced.

(5) Defendants' Motion in Limine No. 7 to Exclude Testimony regarding Plaintiff's Alleged Fear of Retaliation (Docket No. 133) is DENIED. Plaintiff can testify about her reasons for fearing retaliation. To the extent Plaintiff relies on statements to her by others, they shall not be offered for the truth thereof or unless a hearsay exception applies, as represented by Plaintiff's counsel.

(6) Defendants' Motion in Limine No. 10 to Exclude Testimony regarding Allegations of Sexual Harassment by Dave LaBelle against Other Wyndham Employees (Docket No. 139) is DENIED for the reasons given in the Court's prior Order (Docket No. 181).

(7) Defendants' Motion in Limine No. 12 to Exclude King & Ballow Attorneys Dorothy Starnes and Angelita Fisher as Plaintiff's Witnesses at Trial (Docket No. 143) is GRANTED. This evidence is not relevant to the elements of Plaintiff's claims at trial.

(8) Defendants' Motion in Limine No. 13 to Exclude Various References, Statements & Opinions of Bobby Copeland (Docket No. 145) is GRANTED. This evidence is not relevant to the elements of Plaintiff's claims. In any event, to the extent this evidence is relevant to Defendants' affirmative defense, the Court finds it to be more prejudicial than probative under Fed. R. Evid. 403.

(9) Defendants' Motion in Limine No. 16 to Exclude any Reference to Consensual Interoffice Relationships (Docket No. 151) is GRANTED. This evidence is not relevant to the

2

elements of Plaintiff's claims.  To the extent it may be relevant to Defendants' affirmative defense, the Court finds it to be more prejudicial than probative under Fed. R. Evid. 403.

    IT IS SO ORDERED.

                                                  _____
                                                  TODD J. CAMPBELL
                                                  UNITED STATES DISTRICT JUDGE