UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| JANA ROSSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:10 C 00429 |
| | ) | Judge Marvin E. Aspen |
| WYNDHAM VACATION RESORTS, INC., et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In their notice regarding their proposed pretrial order, Defendants challenge Plaintiff's efforts to withdraw her retaliation claims. (*See* Dkt. Nos. 221–23.) As Defendants point out, Plaintiff must seek leave of the Court to voluntarily dismiss a claim, pursuant to Federal Rule of Civil Procedure 41(a)(2). Although they contest Plaintiff's unofficial attempt at dismissal, Defendants do not object to the withdrawal itself or argue that they would suffer "plain legal prejudice" as a result of dismissal of these claims. *Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 583 F.3d 948, 953–54 (6th Cir. 2009); *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Plaintiff has unambiguously represented her desire to withdraw the retaliation claims based on her termination. (Dkt. No. 221.) We construe her request as a motion pursuant to Rule 41(a)(2) and hereby dismiss the retaliation claims without prejudice.

Defendants also object to a sentence in Plaintiff's pretrial order, describing her theory of the case: "Notice [of the harassment] is further confirmed to the Defendant by the fact that some other managers also participated in offensive conduct." (Dkt. No. 221-1 at 2.) According to Defendants, Plaintiff's description suggests that she is attempting to revive her previously-

dismissed claims of harassment by individuals other than Mr. LaBelle. Defendants also express concern that, at the very least, Plaintiff may seek to introduce evidence of such alleged harassment at trial. (Dkt. No. 223 at 7 (Pretrial Order at VI.B.4).)

Judge Campbell previously addressed these issues, and we will not reconsider them. Consistent with Judge Campbell's summary judgment ruling,[1] Plaintiff may not pursue any claim that her co-workers (except Mr. LaBelle) subjected her to sexual harassment. If Plaintiff intends to introduce broader evidence of harassment by other managers to show Defendants' knowledge of Mr. LaBelle's ongoing harassment, she must comply with Judge Campbell's ruling on Defendants' third motion in limine. (Dkt. No. 210 (9/25/12 Order) ¶ 2.) Pursuant to that order, Plaintiff must "give advance notice to Defendant and the Court at trial of the intent to offer specific evidence of acts of sexual harassment by persons other than Mr. LaBelle and state the purpose of such evidence." At that point, the Court will allow Defendants to respond and "will rule on the specific evidence offered." (*Id.*) Accordingly, we will revisit this issue as necessary at trial.

SO ORDERED:

_Marvin E. Aspen_
Marvin E. Aspen
United States District Judge

Dated:   Chicago, Illinois
         April 25, 2013

---

[1] In his opinion, Judge Campbell dismissed Plaintiff's claims of co-worker harassment because she failed to allege such harassment before the EEOC. (Dkt. No. 108, 11/18/11 Op., at 4.) He explained that, although she identified other males as witnesses to the misconduct, Plaintiff had named only Mr. LaBelle as a harasser. (*Id.*)

-2-

Case 3:10-cv-00429   Document 232   Filed 04/25/13   Page 2 of 2 PageID #: 6762